UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 25-2878-JFW(MBKx)** | Date: June 5, 2025 |
| Title: | Greg Anderson -v- Louis Vuitton North America, Inc., et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 4/29/2025; Docket No. 16];**

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY ACTION [filed 5/8/2025; Docket No. 17]**

On April 29, 2025, Plaintiff Greg Anderson ("Plaintiff") filed a Motion to Remand. On May 12, 2025, Defendant Luis Vuitton USA Inc. ("LVUSA") and Specially Appearing Defendant Louis Vuitton North America, Inc. ("LVNA") (collectively, "Defendants") filed their Opposition. On May 19, 2025, Plaintiff filed a Reply.

On May 8, 2025, LVUSA filed a Motion to Compel Arbitration and Dismiss or Stay Action. On May 19, 2025, Plaintiff filed his Opposition. On May 23, 2025, LVUSA filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for June 9, 2025 is hereby vacated and the matters are taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a former employee of Defendant LVUSA. From July 2022 until June 2024, Plaintiff worked as a Team Manager for the Louis Vuitton Rodeo Drive store located at 295 N. Rodeo Dr., Beverly Hills, California. Plaintiff alleges that during his employment at the Rodeo Drive store, he was pressured to prevent employees from accruing overtime. In June 2024,

Plaintiff was promoted as the Store Director of the Waikiki Gump, Hawaii Louis Vuitton store.  Less than six months later, on November 26, 2024, Defendants terminated him for adjusting an employee's timecard to avoid the payment of overtime. Plaintiff alleges that he was terminated in retaliation for raising concerns about Defendants' wage practices, including the coercion of managers to falsify time records. Plaintiff also alleges that a Regional Vice President made inappropriate and sexually suggestive remarks about his appearance, including stating that he was "too hot for Hawaii" and was told "[d]on't try and come back if you leave" when Plaintiff pursued the promotion in Hawaii.

On February 13, 2025, Plaintiff filed a Complaint against Defendants in Los Angeles County Superior Court, alleging (1) retaliation in violation of whistleblower protections, Cal. Labor Code § 1102.5; (2) wrongful termination in violation of public policy, Cal. Gov. Code §12940 et seq. and Cal. Gov. Code §12945.2; (3) violation of Cal. Bus. Prof. Code §§17200 et seq.; (4) hostile work environment harassment, Cal. Gov. Code § 12940(j); (5) negligent hiring, supervision, and retention; and (6) intentional infliction of emotional distress.

On April 2, 2025, Defendants filed a Notice of Removal, asserting that this Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446.

Plaintiff now moves to remand, arguing that Defendants failed to establish Plaintiff's citizenship and that the amount in controversy exceeds $75,000. Defendants move to compel arbitration and dismiss or stay the action, arguing that the parties entered into a valid and enforceable arbitration agreement.

## II. MOTION TO REMAND

### A. Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B. Discussion

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a). Plaintiff argues that Defendants have failed to meet their burden of demonstrating that the parties are completely diverse, and that the amount in controversy exceeds $75,000.

1.  <u>Diversity of citizenship</u>

In the Notice of Removal, Defendants assert that LVUSA and LVNA are corporations organized under the laws of the State of Delaware, with their principal places of business in the State of New York. Thus, Defendants contend that LVUSA and LVNA are citizens of the State of Delaware and the State of New York. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . .").

Plaintiff does not dispute that LVUSA and LVNA are citizens of the State of Delaware and the State of New York, but rather argues that Defendants have failed to meet their burden of establishing Plaintiff's citizenship. A natural person is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. However, a plaintiff's residence can serve as "prima facie" evidence of his domicile. *See, e.g., Cisneros Pantoja v. RAMCO Enters., L.P.*, 2019 WL 5959630, at *10 (N.D. Cal. Nov. 13, 2019).

In this case, in the Notice of Removal, Defendants assert that Plaintiff is a citizen of the State of California, relying upon the allegation in Plaintiff's Complaint that he is a current resident of California, his employment history, his residence in California prior to working in Hawaii, and his return to California after his termination from the Louis Vuitton store in Hawaii. Based on these undisputed facts, the Court concludes that Defendants have met their burden of demonstrating that Plaintiff is a citizen of California and that complete diversity exists, particularly given that Plaintiff has failed to present any evidence to the contrary (or any evidence that he is a citizen of New York or Delaware where Defendants are citizens). *See, e.g., Burch v. Ford Motor Co.*, 758 F.Supp.3d 1092 (N.D. Cal. 2024) (denying motion to remand, accepting residence as prima facie evidence of California citizenship where plaintiff failed to offer any evidence of his citizenship in rebuttal).

2.  <u>Amount in Controversy</u>

Plaintiff also argues that Defendants have failed to meet their burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The Court disagrees. In his Complaint, Plaintiff seeks to recover, *inter alia*, (1) general and special damages; (2) exemplary damages; (3) pre-judgment and post-judgment interest; (4) reasonable attorneys' fees; (5) costs of suit incurred; and (6) other and further relief as the Court deems just and proper.

As demonstrated by the Declaration of Christina T. Tellado in support of the Notice of Removal, if Plaintiff succeeds on his claims, Plaintiff will recover at least $50,000 in lost wages. Defendants have also conservatively estimated that attorneys' fees would amount to $36,000 if Plaintiff's counsel charges $450 per hour and works at least 80 hours on this case. In light of the fact that Plaintiff is also seeking damages for emotional distress and punitive damages, the Court easily concludes that Defendants have established by a preponderance of the evidence that the amount in controversy requirement is satisfied.

Accordingly, because Defendants have adequately established that the parties are completely diverse and that the amount in controversy exceeds $75,000, Plaintiff's Motion to Remand is **DENIED**.  Plaintiff's request and Defendants' request for an award of attorneys' fees and costs are **DENIED**.

### III.   MOTION TO COMPEL ARBITRATION

#### A.   Legal Standard

In 1925, Congress enacted the Federal Arbitration Act ("FAA") in response to widespread judicial hostility to arbitration.  *See American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2308-09 (2013); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011).  Section 2 of the FAA provides in relevant part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

This provision reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *Concepcion*, 131 S. Ct. at 1745 (quotations and citations omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms."  *Id.* (internal citations omitted).

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition the district court for an order compelling arbitration "in the manner provided for in such an agreement."  9 U.S.C. § 4.  In addition, a party to a lawsuit pending in federal court may request that the court stay the court proceedings pending the outcome of the arbitration proceedings. 9 U.S.C. § 3; *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996).  The Court, "upon being satisfied that the making of the agreement for arbitration . . . is not in issue . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.  By its terms, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

Generally, "the [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  However, certain issues are presumptively reserved for the Court.  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).  These issues include "gateway" questions of arbitrability, such as "whether the parties have a valid arbitration agreement or are bound by a given arbitration clause, and whether an arbitration clause in a concededly binding contract applies to a given controversy." *Momot v.*

*Mastro*, 652 F.3d 982, 987 (9th Cir. 2011).

Notwithstanding the foregoing, when a case relates to a sexual harassment dispute or sexual assault dispute, different principles apply. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") amended the Federal Arbitration Act. It provides:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, ... no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a).

"The term 'sexual harassment dispute' means a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4). California law defines sexual harassment as "harassment because of sex," which "includes sexual harassment, gender harassment, and harassment based on pregnancy, childbirth, or related medical conditions." Cal. Gov't Code § 12940(j)(4)(C). "Sexually harassing conduct need not be motivated by sexual desire." *Id.*

### B. Discussion

In this case, Defendant LVUSA moves to compel arbitration, arguing that the parties entered into a valid and enforceable arbitration agreement. Notably absent from LVUSA's moving papers is any mention of the EFAA, despite the fact that Plaintiff alleges a sexual harassment hostile work environment claim under Cal. Gov. Code § 12940(j). In opposition to LVUSA's motion to compel arbitration, Plaintiff argues that his sexual harassment claim precludes enforcement of any arbitration agreement. He also argues that he did not sign the arbitration agreement or otherwise consent to the arbitration agreement and that no valid arbitration agreement exists.

LVUSA addresses the EFAA for the first time in its Reply brief, contending that Plaintiff has failed to allege a "plausible" sexual harassment claim. Specifically, LVUSA argues that Plaintiff's allegations that he was subjected to "sexually suggestive remarks about his appearance" including that he was "too hot for Hawaii" are not sufficiently severe or pervasive to constitute actionable harassment.

"[D]istrict courts in and outside the Ninth Circuit disagree as to the appropriate standard for determining 'the allegations that are necessary to invoke the EFAA in the first place and to determine whether the statute is applicable to the case.' " *Halle Van De Hey, Plaintiff, v. Epam Systems Inc.*, 2025 WL 829604, at *3 (N.D. Cal. Feb. 28, 2025) (quoting *Diaz-Roa v. Hermes L., P.C.*, 757 F.Supp.3d 498, 533 (S.D.N.Y. 2024)). Numerous district courts have read a "plausibility requirement into the EFAA that is not explicit in the statutory text." *Gill v. US Data Mgmt., LLC*, 2024 WL 5402494, at *3 (C.D. Cal. Dec. 2, 2024) (citing *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023)). Other district courts have rejected a plausibility requirement but instead have held that a plaintiff need only plead nonfrivolous claims relating to sexual assault or sexual harassment. *See, e.g., Diaz-Roa v. Hermes L., P.C.*, 757 F.Supp.3d 498, 533 (S.D.N.Y.

2024); *Solis v. Prime Comms Retail, LLC*, 2025 WL 1255143, at *2 (C.D. Cal. Apr. 7, 2025).

""[T]he *Diaz-Roa* court persuasively highlights the dubiousness of adjudicating the plausibility of a sexual harassment claim upon a motion to compel arbitration, which is designed to test adjudicative capacity, not the merits or proper pleading of claims." *Gill v. US Data Mgmt., LLC*, 2024 WL 5402494, at *3 (C.D. Cal. Dec. 2, 2024) (citing *Diaz-Roa,* 757 F.Supp.3d 498, at 533-543). The *Diaz-Roa* court held that:

> [T]he view that is more faithful to Congress' language and intent is that a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication, be it a motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or trial.

*Diaz-Roa*, 757 F.Supp.3d at 533.

The Court finds this reasoning persuasive particularly in the context of this case, especially considering LVUSA did not file a Motion to Dismiss on this issue and did not even raise this issue until filing its Reply, thereby effectively depriving Plaintiff of an opportunity to brief the issue. Even assuming a Rule 12(b)(6) standard applies, the Court cannot definitively conclude that Plaintiff could not, given an opportunity to amend, allege a viable or "plausible" sexual harassment claim.

Because the Court concludes that Plaintiff has alleged a nonfrivolous sexual harassment claim, LVUSA's Motion to Compel Arbitration is **DENIED**.[1] The Court denies LVUSA's request for reasonable attorneys' fees and costs. Like the orders in *Solis* and *Gill*, the Court's Order here does not preclude Defendants from challenging the merits of Plaintiff's sexual harassment claim in an appropriate Rule 12 motion or renewing their Motion to Compel Arbitration if that claim is dismissed. *See  Solis v*, 2025 WL 1255143, at *3; *Gill,* 2024 WL 5402494 at *3

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED** and LVUSA's Motion to Compel Arbitration and Dismiss or Stay Action is **DENIED**.

IT IS SO ORDERED.

---

[1] Because the applicability of the EFAA is dispositive of LVUSA's Motion to Compel Arbitration and Dismiss or Stay Action, the Court finds it unnecessary to rule on whether the parties entered into a valid arbitration agreement.